## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

GARY DOUGLAS, *on behalf of himself and all others similarly situated*,

           Plaintiff,

vs.

CARE CAPITAL PROPERTIES, RAYMOND J. LEWIS, DOUGLAS CROCKER, JOHN L. WORKMAN, JEFFREY A. MALEHORN, RONALD G. GEARY, DALE ANNE REISS, JOHN S. GATES,

           Defendants.

Civil Case No.: 1:17-cv-04942

**CLASS ACTION**

### STIPULATION AND ORDER CONCERNING PLAINTIFF'S VOLUNTARY DISMISSAL OF THE ACTION AND PLAINTIFF'S COUNSEL'S ANTICIPATED APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES

**WHEREAS**, on June 30, 2017, Plaintiff filed the above-captioned class action (the "Action") on behalf of a putative class of Care Capital Properties, Inc. stockholders challenging the public disclosures made in a S-4 Registration Statement (the "S-4") filed with the United States Securities and Exchange Commission ("SEC") on June 12, 2017, in connection with the merger of Care Capital Properties, Inc. ("CCP" or the "Company") with a subsidiary of Sabra Health Care REIT, Inc. ("Sabra") (the "Proposed Transaction");

**WHEREAS**, this Action is one of six lawsuits filed against the Company alleging violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 and Rule 14a-9 promulgated thereunder, the remainder of which are currently proceeding and have been

consolidated in the United States District Court for the District of Delaware (the "Consolidated Delaware Action");[1]

**WHEREAS**, in the interest of judicial efficiency and conservation of resources, on July 25, 2017, Plaintiff Gary Douglas and Defendants CCP, Raymond J. Lewis, Douglas Crocker, John L. Workman, Jeffrey A. Malehorn, Ronald G. Geary, Dale Anne Reiss, and John S. Gates (collectively, "Defendants" and, with Plaintiff, the "Parties") filed a joint stipulation to stay proceedings so that the Parties could direct their efforts to the proceedings in Delaware (the "Joint Stipulation to Stay Proceedings");

**WHEREAS**, on August 8, 2017, CCP filed with the SEC a Form 8-K, which contained supplemental disclosures (the "Supplemental Disclosures");

**WHEREAS**, on August 15, 2017, the CCP stockholder vote on the Transaction was held;

**WHEREAS**, on August 17, 2017, the merger of CCP with a subsidiary of Sabra was completed;

**WHEREAS**, Plaintiff believes and contends that the Supplemental Disclosures were material and mooted the claims set forth in the Action;

**WHEREAS**, Plaintiff asserts that the prosecution of the Action caused CCP to file the Supplemental Disclosures with the SEC and that Plaintiff's counsel has the right to seek and

---

[1] On June 29, 2017, a putative class action lawsuit (*Gordon v. Care Capital Props., Inc., et al.*, Case No. 1:17-cv-00859) was filed in the United States District Court for the District of Delaware against CCP and its directors. On June 30, 2017, a putative class action lawsuit (*Loeb v. Care Capital Props., Inc., et al.*, Case No. 1:17-cv-00866) was filed in the United States District Court for the District of Delaware against CCP, its directors, Sabra, PR Sub, LLC ("PR Sub"), Care Capital Properties, LP ("CCP LP"), and Sabra Health Care LP ("Sabra LP"). On July 3, 2017 and July 6, 2017, respectively, additional putative class action lawsuits (*Vineyard v. Care Capital Props., Inc.*, et al., Case No. 1:17-cv-00878, and *Parrish v. Care Capital Props., Inc., et al.*, Case No. 1:17-cv-00909) were filed in the United States District Court for the District of Delaware against CCP and its directors. On July 10, 2017, another putative class action lawsuit was filed in the United States District Court for the District of Delaware against CCP, its directors, Sabra, PR Sub, CCP LP, and Sabra LP (*Klein v. Care Capital Props., Inc., et al.*, Case No. 1:17-cv-00920).

recover attorneys' fees in connection with a claimed common benefit provided to CCP stockholders as a result of the filing of the Supplemental Disclosures;

**WHEREAS**, as a pre-condition for CCP issuing the Supplemental Disclosures, Plaintiff agreed voluntarily to dismiss this Action, and further agreed that any application for attorney's fees and expenses would be brought jointly with the plaintiffs in the Consolidated Delaware Action and filed solely in the Consolidated Delaware Action;

**WHEREAS**, Defendants have denied and continue to deny any wrongdoing, and contend that no claim asserted in the Action was ever meritorious;

**WHEREAS**, no class has been certified in the Action;

**WHEREAS**, no discussions or negotiations whatsoever regarding Plaintiffs' claims for attorneys' fees and expenses have occurred to date; and

**WHEREAS**, Defendants reserve the right to oppose, in whole or in part, any claim by Plaintiffs for attorneys' fees and expenses relating to the Action;

**NOW, THEREFORE**, upon consent of the parties and subject to the approval of the Court:

**IT IS HEREBY ORDERED** this ____ day of _____, 2017 that:

1.      Plaintiff hereby voluntarily dismisses his Action with prejudice as to himself and without prejudice as to the putative class pursuant to Federal Rule of Civil Procedure 41(a), and the Action is so dismissed.

2.      Because no class has been certified, the dismissal is as to the named Plaintiff only and has no effect upon the putative class. Because no class claims are being compromised and no consideration or compensation has been given or promised to Plaintiff or his counsel, no notice of this dismissal is required.

3.     This Stipulation is not intended to, and shall not, waive or prejudice any right or argument that may be asserted or presented by Plaintiff or Defendants in support of or in opposition to any claim by Plaintiff for attorneys' fees and expenses.

4.     In accordance with the prior agreement between Plaintiff and Defendants, any petition for attorney's fees will brought jointly with the plaintiffs in the Consolidated Delaware Action and filed solely in the Consolidated Delaware Action.

Dated:  August 30, 2017

**DITOMMASO LUBIN
AUSTERMUEHLE, P.C.**

 /s/ Vince DiTommaso
Vince DiTommaso
17W220 22nd Street, Suite 410
Oakbrook Terrace, IL 60181
Tel: (630) 333-0000
vdt@ditommasolaw.com

*Counsel for Plaintiff*

**SIDLEY AUSTIN LLP**

Dated:  August 30, 2017

 /s/ Nilofer Umar
Nilofer Umar
One South Dearborn
Chicago, IL 60603
Tel: (312) 853-7621
Email: numar@sidley.com

*Counsel for Defendants Care Capital Properties,
Inc., Raymond J. Lewis, Douglas Crocker, John L.
Workman, Jeffrey A. Malehorn, Ronald G. Geary,
Dale Anne Reiss, and John S. Gates*

SO ORDERED this ____11 th____ day of ____September____, 2017.

_____
HONORABLE  CHARLES  R. NORGLE,
SR

UNITED STATES DISTRICT JUDGE